IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CIVIL ACTION NO. 2:97-CV-20-BO(2)

| | | |
|---|---|---|
| WILLIAM TRUE, JR. and | ) | |
| CATHY TRUE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PLEASANT CARE INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

Dav.. ... ...... Clerk
U.S. ... .... ...RT EDNC
C. ........ .... Dep. Clerk

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs respectfully request that the Court submit the instructions attached hereto to the

Jury. Plaintiffs respectfully reserve the right to withdraw or amend their instructions or to tender

such further instructions as may be appropriate at the conclusion of all of the evidence. In further

support hereof, Plaintiffs respectfully submit to the Court's attention and attach hereto the

August 21, 1997 and August 26, 1997 trial transcripts of Judge Britt's Jury Instructions in the

environmental contamination case of <u>Ashcraft v. Conoco Inc. et al.</u>, E.D.N.C., Southern

Division, Civil Action No. 7-95-Cv-187-Br (3).

This 2nd day of February, 2000.

MOORE & VAN ALLEN, PLLC

By: _____
Jonathan D. Sasser
State Bar No. 10028
Post Office Box 26507
Raleigh, North Carolina 27611
Telephone: (919) 828-4481

ATTORNEYS FOR PLAINTIFFS

# GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that

you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is

indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- he is called an expert witness -- is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have

reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the

questions. Do not reveal your answers until such time as you are discharged, unless otherwise

directed by me. You must never disclose to anyone, not even to me, your numerical division on

any question.

If you want to communicate with me at any time, please give a written message or

question to the bailiff, who will bring it to me. I will then respond as promptly as possible either

in writing or by having you brought into the courtroom so that I can address you orally. I will

always first disclose to the attorneys your question and my response before I answer your

question.

After you have reached a verdict, you are not required to talk with anyone about the case

unless the Court orders otherwise. You may now retire to the jury room to conduct your

deliberations.[1]

---

[1] Fifth Circuit Pattern Jury Instructions (Civil) § 3.1 (1997).

# GENERAL DEFINITIONS

"**Plaintiffs**" means William True, Jr. and Cathy True.

"**Defendants**" means Pleasant Care, Inc.; Eakes Investment Company, Limited Partnership; Eakes Properties, Limited Partnership; Eakes Investment Company; Eakes Investment Corporation; and Doris W. Eakes.

## INSTRUCTIONS APPLY TO EACH PARTY

Unless otherwise stated, the jury should consider each instruction given to apply

separately and individually to each Plaintiff and to each Defendant in the case.[2]

---

[2] Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 71.02.

## CONSIDERATION OF THE EVIDENCE -- CORPORATE PARTY'S AGENTS AND EMPLOYEES

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.[3]

---

[3] Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 71.09.

# LIABILITY OF PARTNERSHIPS

A partnership can only act through its employees, agents, or partners. Therefore, a partnership is responsible for the acts of its employees, agents, and partners performed within the scope of authority.[4]

---

[4] Ninth Circuit Manual of Model Jury Instructions—Civil (1997 Edition) § 6.3.

# JOINT TORTFEASORS

When the negligent acts or omissions of two or more persons contribute concurrently, and as proximate causes, to the injury and damage of another, each of such persons is liable. This is true regardless of the relative blame or fault of each.[5]

---

[5] Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 80.15.

# THEORIES OF RECOVERY

Ladies and gentlemen of the jury, there are eight issues that you will be asked to address in your deliberations. These issues are as follows:

1.  Did Defendants' conduct violate the United States Clean Water Act?

2.  Did Defendants' conduct constitute a trespass to the property of the Plaintiffs?

3.  Did Defendants' conduct constitute a nuisance?

4.  Were Plaintiffs injured by the negligence of the Defendants?

5.  Were Plaintiffs injured by the negligence per se of the Defendants?

6.  Was the Defendants' conduct accompanied by willful or wanton conduct entitling Plaintiffs to punitive damages?

7.  To what amount of compensatory damages are Plaintiffs entitled?

8.  To what amount of punitive damages are Plaintiffs entitled?

I will explain each of these issues in turn.

## VIOLATION OF THE UNITED STATES CLEAN WATER ACT

### Did Defendants' conduct violate the United States Clean Water Act?

The Plaintiffs must prove, by the greater weight of the evidence, that the Defendants

discharged pollutants into waters of the United States without a permit.[6] This means that

Plaintiffs must prove the following specific things:

1) Plaintiffs must prove that Defendants discharged a **pollutant**. This term includes

sewage and sewage sludge.[7]

2) Plaintiffs must prove that the pollutants were discharged into "**waters of the**

**United States**," which are defined to include interstate wetlands and streams and tributaries of

interstate wetlands and stream.[8]

3) Plaintiffs must prove that the discharge was from a "**point source**," defined to

include any discernable, defined and discrete conveyance, including but not limited to any pipe,

ditch, channel, tunnel or container from which pollutants are or may be discharged.[9] An entire

field or other facility may be a point source.[10]

4) Plaintiffs must prove there was an "**ongoing violation**" within the meaning of the

Act; they may prove this either by showing (1) that Defendants' violations continued on or after

---

[6] 33 U.S.C. § 1311, 1362, 1365.

[7] 33 U.S.C. § 1362(6).

[8] 33 U.S.C. § 1362(7); 33 C.F.R. § 328.3(a)(2) & (a)(5); U.S. v. Wilson, 133 F.3d 251, 257 (4th Cir. 1997); United States v. Eidson, 108 F.3d 1336, 1341 (11th Cir. 1997).

[9] 33 U.S.C. § 1362(14).

[10] Concerned Area Residents for the Environment v. Southview Farm, 34 F.3d 114 (2d Cir. 1994) (manure spread over acres of farmland constitutes a point source); United States v. Earth Sciences, 599 F.2d 368, 374 (10th Cir. 1979) (discharge from a sump serving a gold extraction process could be a point source even though "the source of the excess liquid is rainfall or snow melt"); United States v. Oxford Royal Mushroom Prods., Inc., 487 F. Supp. 852, 854 (E.D.Pa. 1980) (overabundance of water sprayed onto surface of an irrigation field, which ran off into a stream, is a point source). Williams Pipe Line Co. v. Bayer Corp., 964 F.Supp. 1300, 1319 (S.D. Iowa 1997) (quoting Dague v. City of Burlington, 935 F.2d 1343, 1354 (2d Cir.1991)).

the date the complaint was filed in this lawsuit on April 10, 1997, or (2) that there is a continuing likelihood of a recurrence in intermittent or sporadic violations.[11]

If you find that Plaintiffs have proved to you by a preponderance of the evidence that Defendants violated the Clean Water Act, you will answer this Issue "Yes," in favor of the Plaintiffs. If you fail to so find, you will answer this issue "No," in favor of the Defendants.

You are not to award damages to the Plaintiffs as a result of any determination that the Defendants violated the Clean Water Act. Such violations may be addressed by a fine in an amount deemed appropriate by the Court, payable to the Treasury of he United States. Do not concern yourselves with any such potential fine, but simply decide whether the Defendants violated the Clean Water Act.

---

[11] Chesapeake Bay Foundation, Inc. v. Gwaltney, 890 F.2d 690, 693-94 (4th Cir. 1989).

# TRESPASS

## Did Defendants' conduct constitute a trespass to the property of the Plaintiffs?[12]

The Plaintiffs must prove, by the greater weight of the evidence, the following things:

*First,* that the Plaintiffs were in possession of the property or owned the property. A person is in possession of the property when he physically occupies it or exercises acts of dominion over it.[13]

*Second*, that the Defendants did in fact trespass upon the property, or voluntarily caused entry upon the Plaintiffs' property through intentional, reckless or negligent conduct. The trespass must be unauthorized by the Plaintiffs.[14] If the Defendants made a negligent intrusion upon the Plaintiffs' property, they are liable if the intrusion could have been prevented by the exercise of due care on the Defendants' part. Furthermore, once the Defendants have made a trespass on Plaintiffs' property, they are responsible for all damages which proximately result from the trespass, whether such damages were produced intentionally or through negligence. Whether the Defendants' negligence was a proximate cause of the damage is a question for you to determine. Therefore, the Plaintiffs must prove by the greater weight of the evidence that the defendants did in fact trespass upon property in the possession of the Plaintiffs by an intentional, reckless or negligent activity.[15]

You are instructed that the leakage of sewage onto the property of another constitutes a trespass where the Plaintiffs have proven that the cause of the leakage resulted from the Defendants' intentional, reckless or negligent activity. You are further instructed that once the

---

[12] NCPI Civil 805.00.
[13] NCPI Civil 805.00.
[14] Kuykendall v. Turner, 61 N.C. App. 638, 301 S.E.2d 715 (1983).
[15] NCPI Civil 805.00.

Defendants became aware of the contamination, then they became responsible for any continued leakage of the contaminants onto the Plaintiffs' land.[16]

Finally, as to this issue on which the Plaintiffs have the burden of proof, if you find by the greater weight of the evidence that Defendants trespassed on the property of the Plaintiffs, then it would be your duty to answer this issue "Yes" in favor of the Plaintiffs.[17]

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Defendants.[18]

---

[16] See Jordan v. Foust Oil Co., 116 N.C. App. 155, 166, 447 S.E.2d 491, 498 (1994).

[17] NCPI Civil 805.00.

[18] NCPI Civil 805.00.

# PRIVATE NUISANCE

## Did Defendants' conduct constitute a nuisance?[19]

On this issue the burden of proof is on the Plaintiffs. The Plaintiffs must prove their claim by the greater weight of the evidence.[20]

The law provides that every landowner or rightful possessor of land has the right to be free from interference with the use and enjoyment of his or her land. However, when one person, by the improper use of his or her land, does injury to the land, property or rights of another, such conduct constitutes a nuisance.[21]

In order for the Plaintiffs to recover for a nuisance, the conduct complained of must be unreasonable, and there must be a substantial invasion of Plaintiffs' use and enjoyment of their property. That is to say, the unreasonable conduct must work some substantial annoyance, some material physical or mental discomfort to the Plaintiffs, or some injury to Plaintiffs' health or property.[22]

In determining whether the Defendants' conduct was unreasonable, you must consider all of the circumstances of the case. Some of the circumstances you should consider include:

-- the Defendants' conduct;

-- the character of the surrounding neighborhood;

-- the nature, utility and social value of both Plaintiffs' and Defendants' use of their land;

-- the type, level and duration of the contamination; and

---

[19] NCPI Civil 805.25.
[20] NCPI Civil 805.25.
[21] NCPI Civil 805.25.
[22] NCPI Civil 805.25; Watts v. Pama Mfg. Co., 256 N.C. 611, 124 S.E.2d 809 (1962).

--     the harm caused to the Plaintiffs.[23]

Damages may not be recovered merely upon a showing that a nuisance has been created or maintained. The Plaintiffs must also prove to you, that the nuisance has caused substantial injury. By substantial injury, I mean more than a slight inconvenience or petty annoyance; that is, a substantial injury to Plaintiffs' comfort, health or property.[24]

Therefore, on this issue of nuisance on which the Plaintiffs have the burden of proof, if you find by the greater weight of evidence:

*First:* that the Defendants' discharge and disposal of contaminants created a nuisance by an unreasonable use of the land under the circumstances; and

*Second*: that because of such use, there was a substantial injury to Plaintiffs' comfort, health or property, then it is your duty to answer this issue, "Yes," in favor of the Plaintiffs.[25]

If, on the other hand, considering all the evidence, Plaintiffs have failed so to prove either of these elements, you should answer this issue, "No," in favor of the Defendants.[26]

---

[23] NCPI Civil 805.25; Watts v. Pama Mfg. Co., 256 N.C. 611, 618; 245 S.E.2d 809, 814 (1962).
[24] NCPI Civil 805.25.
[25] NCPI Civil 805.25.
[26] NCPI Civil 805.25.

# NEGLIGENCE

## Were Plaintiffs injured by the negligence of the Defendants?[27]

On this issue the burden of proof is on the Plaintiffs. This means that the Plaintiffs must

prove, by the greater weight of the evidence, that the Defendants were negligent and that such

negligence was a proximate cause of Plaintiffs' personal injuries or property damage, or both.[28]

**"Negligence"** refers to a person's failure to follow a duty of conduct imposed by law.

Every person is under a duty to use ordinary care to protect himself and others from injury. A

failure to use ordinary care to protect himself and others from injury is negligence. Negligence is

the lack of ordinary care. This means, that negligence is doing something which a reasonably

careful and prudent person would not do, or failing to do something which a reasonably careful

and prudent person would do, under the same or similar circumstances. In deciding whether a

person was negligent, you should consider all of the facts and circumstances existing on the

occasion in question.[29]

**"Ordinary care"** means that degree of care which a reasonable and prudent person

would use under the same or similar circumstances.[30]

Plaintiffs not only have the burden of providing negligence, but also that such

negligence was a proximate cause of the injury or damage or both.

**"Proximate cause"** is a cause without which in the natural and continuous sequence

produces the claimed injury or damage, or both, and one which a reasonable and prudent person

could foresee would probably produce such injury or damage, or both, or some similar injurious

---

[27] NCPI Civil 102.10.
[28] NCPI Civil 102.10.
[29] NCPI Civil 102.11 and NCPI Civil 750.00.
[30] NCPI Civil 102.11.

result.[31] There may be more than on proximate cause of an injury, damage, or both. Therefore, the Plaintiffs need not prove that the Defendants' negligence was the <u>sole</u> proximate cause of the injury. The Plaintiffs must prove, by the greater weight of the evidence, only that the Defendants' negligence was <u>a</u> proximate cause of the injury.[32]

In this case, the Plaintiffs contend, and the defendant denies, that the Defendants were negligent in one or more of the following ways:

-- By allowing human sewage and fecal coliform to be released onto the Plaintiffs' property, and to contaminate Plaintiffs' water supply;

-- By attempting to use a grossly insufficient drainfield area for sewage disposal;

-- By failing to inspect the waste disposal system on a timely basis;

-- By failing to repair ruptured, collapsed, and broken piping within the drainfield;

-- By causing a pipe to discharge sewage from the drainfield into a drainage ditch running along State Road 1205;

-- After removing the pipe that was discharging to the drainage ditch, by failing to take steps that would prevent the walls of the drainfield from discharging to the drainage ditch;

-- By failing to warn Plaintiffs of the contamination of their property;

-- By failing to test Plaintiffs' property for contamination;

-- By failing to respond to Plaintiffs' complaints regarding the contamination;

-- By failing to provide Plaintiffs with an alternative drinking supply after contaminating their well;

-- By failing to remediate the contamination upon Plaintiffs' property.

---

[31] NCPI Civil 102.19.
[32] NCPI Civil 102.19.

The Plaintiffs further content, and Defendants deny, that the Defendants' negligence was a proximate cause of the Plaintiffs' personal injury and property damage.

I instruct you that negligence is not to be presumed from the mere fact of either personal injury or property damage, or both.[33]

As to this issue on which the Plaintiffs have the burden of proof, if you find by the greater weight of the evidence that Defendants were negligent in one or more of the ways alleged, and that such conduct was a proximate cause of the Plaintiffs' injuries, damages, or both, then it would be your duty to answer this issue "Yes" in favor of the Plaintiffs.[34]

If, on the other hand, you failed so to find, then it would be your duty to answer this issue "No" in favor of the Defendants.[35]

---

[33] NCPI Civil 102.35
[34] NCPI Civil 102.50.
[35]NCPI Civil 102.50.

# NEGLIGENCE IN AND OF ITSELF (NEGLIGENCE PER SE)

## Were Plaintiffs injured by the negligence per se of the Defendants?[36]

Every person is under a duty to follow standards of conduct enacted as laws for the safety

of the public. A standard of conduct established by a safety statute or regulation must be

followed. A person's failure to do so is negligence in and of itself, also known as negligence per

se.[37] Violating the provisions of a safety statute or regulation is negligence. Plaintiffs contend

that Defendants violated certain safety statutes and regulations as I will describe to you.

However, proof of a violation of such a safety statute or regulation by Defendants does

not alone entitle Plaintiffs to recover for injury and damage. To justify recovery, Plaintiffs must

also prove, by the greater weight of the evidence, that Defendants' negligence was a proximate

cause of the injury or damage to the Plaintiffs.[38]

Plaintiffs contend that Defendants were negligent per se for violating the following

statutes and regulations:

> **1) The Federal Clean Water Act**, by causing an unpermitted discharge into the
> navigable waters of the United States. You have been asked under a separate
> issue to find whether Defendants violated the Clean Water Act. If you found that
> Defendants did violate the Act, you must now decide whether Defendants'
> violation constituted negligence per se.

> **2) Section 143-215.1(a)(6) of the North Carolina General Statutes**, by causing
> an unpermitted discharge into the waters of the State. You shall find Defendants
> in violation of this statute if Plaintiffs have shown that Defendants caused or
> permitted any waste, directly or indirectly, to be discharged to or in any manner
> intermixed with the waters of the State in violation of the applicable water quality
> or effluent standards or limitations.

---

[36] NCPI Civil 102.10.
[37] NCPI Civil 102.12.
[38] NCPI Civil 750.05.

**3) 15A N.C. Admin. Code 18A.1961(a).** You shall find Defendants to be in violation of this regulation if Plaintiffs have proven that Defendants failed to prevent discharge of sewage or effluent to the surface of the ground.

**4) 10 N.C. Admin. Code 42D.1503(3)(b).** You shall find Defendants to be in violation of this regulation if Plaintiffs have proven that Defendants failed to comply with the instructions of the local sanitarian regarding an approved sewer system.

**5) 10 N.C. Admin. Code 42D.1204 and 42D.1502(d).** You shall find Defendants to be in violation of this regulation if Plaintiffs have proven that Defendants failed to meet the sanitary requirements of the North Carolina Division of Health Services.

**6) 15A N.C. Admin. Code. 18A.1949.** You shall find Defendants to be in violation of this regulation if Plaintiffs have proven that Defendants failed to provide a sewage drainfield with a minimum design volume of 120 gallons per bed per day.

As to this issue on which the Plaintiffs have the burden of proof, if you find by the greater weight of the evidence that Defendants were negligent in one or more of the ways alleged, and that such conduct was a proximate cause of the Plaintiffs' injuries, damages, or both, then it would be your duty to answer this issue "Yes" in favor of the Plaintiffs.[39]

If, on the other hand, you failed so to find, then it would be your duty to answer this issue "No" in favor of the Defendants.[40]

A finding that Defendants are liable for negligence, and a finding that Defendants are liable for negligence per se, each entitle the Plaintiffs to the same categories of negligence damages that I shall describe to you. Therefore, you shall only make one award of damages, regardless of whether Defendants are found to be liable for negligence, negligence per se, or both. You shall not award Plaintiffs a double recovery in this regard.

---

[39] NCPI Civil 102.50.
[40] NCPI Civil 102.50.

# PUNITIVE DAMAGES

## Was the Defendants' conduct accompanied by willful or wanton conduct entitling Plaintiffs to punitive damages?[41]

You shall consider the issue of punitive damages only if you answer "Yes" to any of these previous issues: trespass[42], nuisance[43], negligence, or negligence per se.

On the issue the burden of proof is on the Plaintiffs. This means that the Plaintiffs must prove, by the greater weight of the evidence, that the Defendants' actions were accompanied by outrageous or aggravated conduct. Outrageous or aggravated conduct may include one or more of the following: actual malice, oppression, a gross and willful wrong, insult, rudeness, indignity or a reckless or wanton disregard of the Plaintiffs' rights.[44]

An act is *willful* when it is done purposely and deliberately in violation of the law, or when it is done knowingly and of set purpose,[45] or when the person acts with a reckless and total indifference to the rights and safety of others.[46]

An act is *wanton* when it is done of wicked purpose, or when done needlessly, showing a reckless indifference to the rights and safety of others.[47]

Finally, as to this issue on which the Plaintiffs have the burden of proof, if you find by the greater weight of the evidence that the Defendants' actions were accompanied by outrageous

---

[41] NCPI Civil 810.00.

[42] Maintenance Equipment Co., Inc. v. Godley Builders, 107 N.C. App. 343, 420 S.E.2d 199 (1992) (punitive damages are recoverable for trespass upon showing of willful or wanton conduct); Suggs v. Carroll, 76 N.C. App. 420, 333 S.E.2d 510 (1985) (citing Waters v. Lumber Co., 115 N.C. 648, 655, 20 S.E. 718, 720 (1894); May v. Western Union Telegraph Co., 157 N.C. 416, 72 S.E. 1059 (1911)..

[43] 22 Am Jur DAMAGES § 747 (punitive damages recoverable on nuisance claim).

[44] NCPI Civil 810.00.

[45] Foster v. Hyman, N.C. 189, 191, 148 S.E. 36, 37 (1929).

[46] NCPI Civil 102.85; McKinney v. Patterson, 174 N.C. 483, 93 S.E. 967 (1917); Bullins v. Schmidt, 322 N.C. 5890, 583, 369 S.E. 2d 601, 603 (1988).

[47] Brewer v. Harris, 279 N.C. 288, 297 182 S.E.2d 345, 350; King v. Allred, 76 N.C. App. 427, 432, 333 S.E.2d 758, 761, disc. Rev. denied, 315 N.C. 184, 337 S.E.2d 857 (1985); Bullins, 322 N.C. at 583, 369 S.E.2d at 603.

or aggravated conduct such as one or more of the following: actual malice, oppression, a gross and willful wrong, insult, rudeness, indignity, or a reckless or wanton disregard of the Plaintiffs' rights, then it would be your duty to answer this issue "Yes" in favor of the Plaintiffs.

If on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the Defendants.[48]

---

[48] NCPI Civil 810.00.

## COMPENSATORY DAMAGES

### To what amount of compensatory damages are Plaintiffs entitled?

You shall only consider this issue if you have determined that Defendants are liable for trespass, nuisance, negligence, and/or negligence per se.

I shall now instruct you on the law as it relates to Plaintiffs' entitlement to compensatory damages under each of these claims.

## DAMAGES FOR TRESPASS

If the Plaintiffs have proved by the greater weight of the evidence that there has been a trespass on property in their possession, they are entitled to at least nominal damages, if nothing more. However, the Plaintiffs contend in this case that they are entitled to substantial damages. The Defendants disagree.

If you find by the greater weight of the evidence that the Defendants did commit a trespass upon property in the possession of the Plaintiffs, then they are responsible for all damages directly caused by their conduct, and for all indirect damages which are the natural and probable result of the trespass.

If there has been a complete destruction or deprivation of the Plaintiffs' property's value, the damages would include the fair market value of the property immediately before the injury. The fair market value of any property is the amount which could be agreed upon as a fair price by the owner who wishes to sell, but is not compelled to do so, and a buyer who wishes to buy, but is not compelled to do so.

If there has not been a complete destruction or deprivation of the property's value, the measure of damages would include the difference between the fair market value of the property immediately before the injury, and the value immediately after the injury was completed.[49]

In addition, the Plaintiffs are entitled to special damages, which are unusual and not the common consequence of the trespass or implied by law, if they have proven by the greater weight of the evidence, that such damages did in fact occur, and were the proximate result of the Defendants' conduct.

---

[49] NCPI Civil 805.05.

You should award such damages as you find from the evidence, and by its greater weight, are fair compensation for any damage the plaintiffs have sustained as a direct and proximate result of the Defendants' conduct.

Your award must be fair and just.[50]

---

[50] NCPI Civil 805.05.

## DAMAGES FOR PRIVATE NUISANCE

If you find by the greater weight of the evidence that the Defendants are liable for an unlawful nuisance, then they are responsible for all damages directly caused by their conduct, and for all indirect damages which are the natural and probable result of the trespass.

If there has been a complete destruction or deprivation of the Plaintiffs' property's value, the damages would include the fair market value of the property immediately before the injury. The fair market value of any property is the amount which could be agreed upon as a fair price by the owner who wishes to sell, but is not compelled to do so, and a buyer who wishes to buy, but is not compelled to do so.

If there has not been a complete destruction or deprivation of the property's value, the measure of damages would include the difference between the fair market value of the property immediately before the injury, and the value immediately after the injury was completed.

In addition, the Plaintiffs are entitled to special damages, which are unusual and not the common consequence of the trespass or implied by law, if they have proven by the greater weight of the evidence, that such damages did in fact occur, and were the proximate result of the Defendants' conduct.[51]

In determining the appropriate amount of damages to be awarded to the Plaintiffs you may consider evidence of the effect of the nuisance upon Plaintiffs' normal use of his property and his enjoyment of daily life; physical pain; annoyance; stress; and deprivation of the use and comforts of one's home.[52]

---

[51] See NCPI Civil 805.05 and NCPI Civil 810.92.
[52] Hanna v. Brady, 73 N.C. App. 521, 327 S.E.2d 22 (1985).

Case 2:97-cv-00020-DE   Document 94   Filed 02/02/00   Page 28 of 68

You should award such damages as you find from the evidence, and by its greater weight, are fair compensation for any damage the plaintiffs have sustained as a direct and proximate result of the Defendants' conduct.

Your award must be fair and just.[53]

---

[53] See NCPI Civil 805.05 and NCPI Civil 810.92.

## DAMAGES FOR PERSONAL INJURY

Plaintiffs must prove, by the greater weight of the evidence, the amount of actual damages caused by the personal injury resulting from the wrongful conduct of the Defendants.[54]

Actual damages are the fair compensation to be awarded to a person for any past, present or future injury caused by the wrongful conduct of another. The total of all damages are to be awarded in one lump sum.

Such damages may include:

-- medical expenses

-- loss of earnings

-- pain and suffering

-- loss of use of part of body

-- activation or aggravation of pre-existing disease or physical condition

-- permanent injury

-- diminished quality of life

-- costs of future medical monitoring

I will now explain the law of damages as it relates to each of these.[55]

*Medical expenses* include all hospital, doctor, drug and other medical bills reasonably paid or incurred by the Plaintiffs as a proximate result of their injury.

Medical expenses also include all hospital, doctor, drug and other medical bills that the Plaintiffs will reasonably pay or incur in the future as a proximate result of their injury.[56]

---

[54] NCPI Civil 810.10.
[55] NCPI Civil 810.15.
[56] NCPI Civil 810.20.

Damages for personal injury also include fair compensation for *lost earnings* consisting of the loss of time from employment, loss from inability to perform ordinary labor, or the reduced capacity to earn money experienced by the Plaintiffs as a proximate result of the injury.

In determining the amount of lost earnings, you should consider the evidence as to:

--      Plaintiffs' ages and occupations.

--      the nature and extent of Plaintiffs' employments.

--      the value of Plaintiffs' services.

--      the amount of Plaintiffs' income, at the time of their injury, from fixed salary or wages.

--      disability affecting earning capacity.

--      loss of profits from a business or profession.

--      loss of capacity to earn money.

The Plaintiffs' damages also include the amount by which their future earnings will be reduced as a proximate result of their injury. In determining this amount, you may consider any evidence in regard to past earnings and any evidence as to the loss of future earning capacity.[57]

Damages for personal injury also include fair compensation for the actual *physical pain and mental suffering* experienced by the Plaintiffs as a proximate result of their injury. There is no fixed formula for evaluating physical pain and mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence.

Damages for physical pain and mental suffering also include fair compensation for any future physical pain and mental suffering experienced by the Plaintiffs as a proximate result of their injury.[58]

RAL1\370254_2

You may, in making your evaluation of the injury to Plaintiffs, take into consideration such mental suffering as you find exists as a result of such Plaintiff's fear, whether past or in the future, of an increased risk of disease that has been proximately caused by exposure to contaminants proximately resulting from Defendants' negligence. Whether such fears are reasonable or unreasonable is a decision for you to make in light of all the evidence you have heard.[59]

Damages for personal injury also include fair compensation for ***permanent injury***. An injury is permanent when any of its effects will continue throughout the Plaintiff's life. These effects may include future medical expenses, loss of earnings or pain and suffering to be incurred or experienced by the injured Plaintiff over his or her life time. Life expectancy if the period of time the Plaintiff may reasonably be expected to live.

## LOSS OF CONSORTIUM –DAMAGES – MRS. TRUE

Mrs. True must prove, by the greater weight of the evidence, the amount of damages suffered by reason of her loss of consortium.

Mrs. True is entitled to fair compensation for the actual loss of marital services, society, affection, companionship or sexual relations of Mr. True which occurred as a proximate result of Defendants' wrongful conduct. However, Mrs. True is not entitled to any damages at issue in Mr. True's own claim against Defendants which are only recoverable by Mr. True. You are instructed to limit your consideration of damages strictly to fair compensation for Mrs. True's loss of marital services, society, affection, companionship or sexual relations.

---

[57] NCPI Civil 810.25.
[58] NCPI Civil 810.30.
[59] Bullock v. Newman, 93 N.C. App. 545, 378 S.E.2d 562 (1989) (anxiety or worry about a possible future disease or condition may constitute a proper element of damages).

In order to decide the appropriate amount of damages, if any, you must consider all the evidence presented concerning the disruption (or lack of disruption) to the marital relationship proximately caused by Defendants' wrongful conduct. Mrs. True must establish, by the greater weight of the evidence, facts which reasonably support the amount, if any, you award.

So, I instruct you, if you reach this issue, you are not to be governed by the amount of damages suggested by the parties or their attorneys, but you are to be governed exclusively by the evidence in the case and the rules of law I have given you with respect to the measure of damages.

If you answer this issue in any amount, you should award such damages as you find Mrs. True has proven, by the greater weight of the evidence, to be fair compensation for any amount of loss of consortium that she has sustained as a proximate result of Defendants' wrongful conduct in causing injury to her husband.[60]

## LOSS OF CONSORTIUM – DAMAGES – MR. TRUE

Mr. True must prove, by the greater weight of the evidence, the amount of damages suffered by reason of his loss of consortium.

Mr. True is entitled to fair compensation for the actual loss of marital services, society, affection, companionship or sexual relations of Mrs. True which occurred as a proximate result of Defendants' negligence. However, Mr. True is not entitled to any damages at issue in Mrs. True's own claim against Defendants which are only recoverable by Mrs. True. You are instructed to limit your consideration of damages strictly to fair compensation for Mr. True's loss of marital services, society, affection, companionship or sexual relations.

---

[60] NCPI Civil 810.85.

In order to decide the appropriate amount of damages, if any, you must consider all the evidence presented concerning the disruption (or lack of disruption) to the marital relationship proximately caused by Defendants' wrongful conduct. Mr. True must establish, by the greater weight of the evidence, facts which reasonably support the amount, if any, you award.

So, I instruct you, if you reach this issue, you are not to be governed by the amount of damages suggested by the parties or their attorneys, but you are to be governed exclusively by the evidence in the case and the rules of law I have given you with respect to the measure of damages.

If you answer this issue in any amount, you should award such damages as you find Mr. True has proven, by the greater weight of the evidence, to be fair compensation for any amount of loss of consortium that he has sustained as a proximate result of Defendants' wrongful conduct in causing injury to his wife.[61]

---

[61] NCPI Civil 810.85.

## FINAL MANDATE – DAMAGES -- *PER DIEM* ARGUMENT BY COUNSEL

I instruct you that if you reach the issue of compensatory damages for personal injury, your decision must be based on the evidence and the rules of law I have given you with respect to the measure of damages. You are not required to accept the amount of damages suggested by the parties or their attorneys.

An attorney is allowed to suggest an amount of damages and therefore can suggest an amount for each minute, hour or day of physical pain or mental suffering. However, I instruct you that there is no fixed mathematical formula for computing damages for physical pain or mental suffering. Furthermore, an attorney's argument is not evidence but is merely an approach to the damage issue which you may consider but need not adopt.

Your award must be fair and just. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally, as to this issue on which the Plaintiffs have the burden of proof, if you find, by the greater weight of the evidence, the amount of actual damages caused by the wrongful conduct of the Defendants, then it would be your duty to write that amount in the blank space provided. If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.[62]

---

[62] NCPI Civil 810.51.

## PUNITIVE DAMAGES – AMOUNT OF DAMAGES

### To what amount of punitive damages are Plaintiffs entitled?[63]

You are to answer this issue only if you have answered "Yes" to the issue of whether Defendants are liable for punitive damages to the Plaintiffs.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the Plaintiffs for their injury or damage, nor are they awarded as a matter of right. In deciding whether to award punitive damages, you must determine that there is a need to punish the Defendants for their conduct, or to deter the Defendants or others from engaging in this or similar conduct in the future, or to make an example out of Defendants.[64]

Furthermore, if you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the Defendants for their conduct, or to deter the Defendants or others from engaging in this or similar conduct in the future, or to make an example out of the Defendants.[65]

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the Plaintiffs an amount which bears a rational relationship[66] to the sum reasonably needed to punish the Defendants or to deter the Defendant or others from engaging in this or similar conduct in the future, or to make an example out of Defendants.[67]

If, on the other hand, you determine, in your discretion, not to award the Plaintiffs any amount, then you should answer, "None."

---

[63] NCPI Civil 810.01.
[64] NCPI Civil 810.01.
[65] NCPI Civil 810.01.
[66] NCPI Civil 810.02.

This the 2nd day of February, 2000.

MOORE & VAN ALLEN, PLLC

By: _____
Jonathan D. Sasser
State Bar No. 10028

P. O. Box 26507
Raleigh, North Carolina 27611
Telephone: (919) 828-4481
Telefax: (919) 828-4254
ATTORNEYS FOR PLAINTIFFS

---

[67] NCPI Civil 810.01.

<pre>
 1                  UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF NORTH CAROLINA
                       SOUTHERN DIVISION
 3

 4
   HURSHEL L. ASHCRAFT, ET AL,    )
 5              PLAINTIFFS,        )
                                  )
 6          V.                    )     7:95-CV-187-BR
                                  )
 7   CONOCO, INC., KAYO OIL CO.,  )
   AND TRIANGLE FACILITIES, INC.,)
 8              DEFENDANTS.        )
   _____)
 9

10               JURY TRIAL - VOLUME XVI
                   AUGUST 21, 1997
11           BEFORE THE HONORABLE W. EARL BRITT
                  U. S. DISTRICT JUDGE
12

13
     APPEARANCES:
14
     FOR THE PLAINTIFFS:
15
   MR. GEORGE ROUNTREE        MS. CHARLA ALDOUS
16   MR. J. HAROLD SEAGLE       MR. R. BRENT COOPER
   ATTORNEYS AT LAW           MR. SCOTT SUMMY
17   2419 MARKET STREET         ATTORNEYS AT LAW
   WILMINGTON, NC             900 JACKSON ST., SUITE 100
18                             DALLAS, TX

19   FOR THE DEFENDANTS:

20   MR. PETER MCGRATH         MR. DAVID FOX
   MR. WILLIAM WHITE          MR. JON SASSER
21   ATTORNEYS AT LAW          ATTORNEYS AT LAW
   100 N. TRYON ST., FLOOR 47 ONE HANOVER SQUARE, #1700
22   CHARLOTTE, NC             RALEIGH, NC

23   MR. GEORGE PHAIR
   SENIOR COUNSEL, CONOCO
24   600 N. DAIRY ASHFORD
   HOUSTON, TX
25   COURT REPORTER:  DONNA J. TOMAWSKI
   STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION
</pre>

EXHIBIT
A

1    INSTRUCT THE JURY ON THE LAW IN THIS CASE.  BEFORE I

2    BEGIN, IF THERE'S ANYONE IN THE COURTROOM WHO WISHES TO

3    LEAVE, PLEASE DO SO NOW.

4         MEMBERS OF THE JURY, KATIE WILL HAND YOU A COPY OF MY

5    INSTRUCTIONS.  IF YOU WILL JUST HOLD ONTO THEM A MINUTE

6    BEFORE I START DELIVERING THEM, GIVE YOU AN OPPORTUNITY TO

7    FOLLOW ALONG WITH ME WITHOUT HAVING TO TAKE ANY NOTES SO

8    THAT YOU WILL KNOW EXACTLY WHAT I HAVE SAID.

9         MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL OF

10   THE EVIDENCE IN THE CASE, IT BECOMES MY DUTY TO GIVE YOU

11   THE INSTRUCTIONS OF THE COURT CONCERNING THE LAW

12   APPLICABLE TO THE CASE.

13        IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I

14   SHALL STATE IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS

15   AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.  YOU ARE

16   NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE

17   LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

18   NEITHER, ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY

19   RULE OF LAW STATED BY ME.

20        REGARDLESS OF ANY OPINION YOU MAY HAVE AT AS TO WHAT

21   THE LAW IS OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR

22   SWORN DUTY TO BASE A VERDICT UPON ANY VIEW OF THE LAW

23   OTHER THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT,

24   JUST AS IT WOULD ALSO BE A VIOLATION OF YOUR SWORN DUTY,

25   AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING

1    OTHER THAN THE EVIDENCE IN THE CASE.

2        IN DECIDING THE FACTS OF THIS CASE, YOU MUST NOT BE

3    SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY.  OUR

4    SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY

5    PREJUDICE OR SYMPATHY OR PUBLIC OPINION.  BOTH THE PARTIES

6    AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND

7    IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE,

8    FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST

9    VERDICT REGARDLESS OF THE CONSEQUENCES.

10        THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS

11   AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE

12   COMMUNITY, AND HOLDING THE SAME OR SIMILAR STATIONS IN

13   LIFE.  A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT

14   YOUR HANDS AS IS A PRIVATE INDIVIDUAL.  THE LAW IS NO

15   RESPECTER OF PERSONS, AND ALL PERSONS STAND EQUAL BEFORE

16   THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF

17   JUSTICE.

18        WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT

19   ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES;

20   AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION

21   MAY BIND THE CORPORATION BY HIS ACTS AND DELIBERATIONS

22   MADE WHILE ACTING WITHIN THE SCOPE OF HIS AUTHORITY

23   DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE

24   OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

25        AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE

1  FACTS, IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I

2  HAVE ADMITTED IN THE CASE.  THE TERM "EVIDENCE" INCLUDES

3  THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS

4  ADMITTED IN THE RECORD, AND THE STIPULATIONS OF THE

5  PARTIES.

6      REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS

7  MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE.  THE

8  FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT

9  ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE

10  CASE AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN

11  FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR

12  NOTICE.

13      IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN

14  RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT

15  CONTROLS IN THE CASE.  WHAT THE LAWYERS SAY IS NOT BINDING

16  UPON YOU.  SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE

17  IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE

18  INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE

19  JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE.  IN OTHER

20  WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH

21  REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS

22  WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND THE

23  EVIDENCE IN THE CASE.

24      ONE EXAMPLE OF AN INFERENCE WHICH MAY BE DRAWN

25  PERTAINS TO THE DESTRUCTION OR WITHHOLDING OF RELEVANT

1   DOCUMENTS.  IF YOU CONCLUDE THAT ONE OF THE PARTIES

2   DESTROYED OR WITHHELD RELEVANT DOCUMENTS, YOU MAY INFER

3   THAT THE DOCUMENTS' NONPRODUCTION OR DESTRUCTION IS

4   EVIDENCE THAT THE PARTY WHICH HAS PREVENTED PRODUCTION DID

5   SO OUT OF THE WELL-FOUNDED FEAR THAT THE CONTENTS WOULD

6   ADVERSELY AFFECT THEIR CASE.  THE INFERENCE IS PERMISSIBLE

7   IF YOU FIND THAT THE PARTY FILED FAILED TO PRODUCE

8   EVIDENCE THAT NATURALLY WOULD HAVE CLARIFIED FACTS AT

9   ISSUE.  THIS INFERENCE WOULD NOT APPLY IF THE DOCUMENTS,

10  IF ANY, WHICH WERE DESTROYED WERE DESTROYED AS A PART OF

11  AN ORDINARY BUSINESS PRACTICE.

12      THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE

13  FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE

14  FACTS OF CASE.  ONE IS DIRECT EVIDENCE, SUCH AS THE

15  TESTIMONY OF AN EYE-WITNESS.  THE OTHER IS INDIRECT OR

16  CIRCUMSTANTIAL EVIDENCE, THE PROOF OF A CHAIN OF

17  CIRCUMSTANCES POINTING TO THE EXISTENCE OR NON-EXISTENCE

18  OF CERTAIN FACTS.

19      AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION

20  BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE BUT SIMPLY

21  REQUIRES THAT THE JURY FIND THE FACTS IN ACCORDANCE WITH

22  THE PREPONDERANCE OF ALL THE EVIDENCE IN THE CASE, BOTH

23  DIRECT AND CIRCUMSTANTIAL.  NOW, I HAVE SAID THAT YOU MUST

24  CONSIDER ALL OF THE EVIDENCE.  THIS DOES NOT MEAN,

25  HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE

OR ACCURATE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR BELIEVABILITY OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO THE WITNESS' TESTIMONY. IN WEIGHING THE TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER THE FOLLOWING FACTORS:

THE WITNESS' RELATIONSHIP TO THE PLAINTIFFS OR TO THE DEFENDANTS; THE INTEREST OF THE WITNESS, IF ANY, IN THE OUTCOME OF THE CASE; THE WITNESS' MANNER OF TESTIFYING; THE OPPORTUNITY OF THE WITNESS TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE FACTS ABOUT WHICH THE WITNESS TESTIFIED; THE WITNESS' CANDOR, FAIRNESS AND INTELLIGENCE; AND, THE EXTENT TO WHICH THE WITNESS HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE.

YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART. ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING AS TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE, BY A SHOWING THAT THE WITNESS TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAD SAID OR

1  DID SOMETHING, OR HA FAILED TO SAY OR DO SOMETHING, WHICH

2  IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

3  IF YOU BELIEVE THAT ANY WITNESS HAS BEEN SO

4  IMPEACHED, THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE

5  TESTIMONY OF THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF

6  ANY, AS YOU MAY THINK IT DESERVES.

7  THE RULES OF EVIDENCE PROVIDE THAT IF SCIENTIFIC,

8  TECHNICAL, OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE

9  JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A

10  FACT IN ISSUE, A WITNESS QUALIFIED AS AN EXPERT BY

11  KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION, MAY

12  TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

13  YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN

14  EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY

15  THINK IT DESERVES.  IF YOU SHOULD DECIDE THAT THE OPINION

16  OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT

17  EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT

18  THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND,

19  OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN

20  YOU MAY DISREGARD THE OPINION ENTIRELY.

21  THE BURDEN IS ON THE PLAINTIFFS IN A CIVIL ACTION

22  SUCH AS THIS TO PROVE EVERY ESSENTIAL ELEMENT OF THEIR

23  CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.  A

24  PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN

25  CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE

1  CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT

2  WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT

3  TRUE.  IN OTHER WORDS, TO ESTABLISH A CLAIM BY A

4  PREPONDERANCE OF THE EVIDENCE MERELY MEANS TO PROVE THAT

5  THE CLAIM IS MORE LIKELY SO THAN NOT SO.

6      WHERE MORE THAN ONE CLAIM IS INVOLVED, AS IN THIS

7  CASE, YOU SHOULD CONSIDER EACH CLAIM, AND THE EVIDENCE

8  PERTAINING TO IT SEPARATELY AS YOU WOULD HAD EACH CLAIM

9  BEEN TRIED BEFORE YOU SEPARATELY; BUT, IN DETERMINING ANY

10  FACT IN ISSUE, YOU MAY CONSIDER THE TESTIMONY OF ALL THE

11  WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL

12  THE EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY

13  HAVE PRODUCED THEM.

14      IF A PREPONDERANCE OF THE EVIDENCE DOES NOT SUPPORT

15  EACH ESSENTIAL ELEMENT OF A CLAIM, THEN THE JURY SHOULD

16  FIND AGAINST THE PARTY HAVING THE BURDEN OF PROOF AS TO

17  THAT CLAIM.

18      SOME OF YOU JURORS HAVE TAKEN NOTES DURING THE COURSE

19  OF THIS TRIAL.  NOTES ARE ONLY AN AID TO MEMORY AND SHOULD

20  NOT BE GIVEN PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION

21  OF THE FACTS.  A JUROR WHO DID NOT TAKE NOTES SHOULD RELY

22  ON HIS OR HER INDEPENDENT RECOLLECTION OF THE PROCEEDINGS

23  AND SHOULD NOT BE INFLUENCED BY THE NOTES OF THE OTHER

24  JURORS.

25      LADIES AND GENTLEMEN OF THE JURY, THERE ARE FIVE

1  ISSUES THAT YOU WILL BE ASKED TO ADDRESS IN YOUR

2  DELIBERATIONS.  THESE FIVE ISSUES ARE AS FOLLOWS:

3  ONE, DID CONOCO DISCHARGE GASOLINE INTO THE

4  GROUNDWATER AT THE CASTLE HAYNE STATION WHICH CONTAMINATED

5  THE CARROL C WELL AND THEREBY PROXIMATELY CAUSED DAMAGES

6  TO THE PLAINTIFFS?  IF SO, DID CONOCO ENGAGE IN WILLFUL OR

7  WANTON CONDUCT.

8  TWO, DID CONOCO DISCHARGE GASOLINE INTO THE

9  GROUNDWATER AT THE CASTLE HAYNE STATION WHICH CONTAMINATED

10  THE WINDSAIL WELL AND THEREBY PROXIMATELY CAUSE DAMAGE

11  DAMAGES TO THE PLAINTIFFS?  IF SO, DID CONOCO ENGAGE IN

12  WILLFUL OR WANTON CONDUCT?

13  THREE, WERE THE PLAINTIFFS INJURED OR DAMAGED BY THE

14  NEGLIGENCE OF CONOCO?  IF SO, WAS CONOCO'S NEGLIGENCE

15  ACCOMPANIED BY WILLFUL OR WANTON CONDUCT?

16  FOUR, WERE THE PLAINTIFFS DAMAGED BY THE FRAUD OF

17  CONOCO?

18  FIVE, WHAT AMOUNT, IF ANY, ARE THE PLAINTIFFS

19  ENTITLED TO RECOVER FROM CONOCO FOR FUTURE MEDICAL

20  MONITORING?

21  NOW, JUST BECAUSE I HAVE READ EACH ONE OF THESE

22  ISSUES TO YOU DOESN'T MEAN YOU WILL NECESSARILY CONSIDER

23  ALL OF THEM.  AS YOU LISTEN TO MY INSTRUCTIONS, YOU WILL

24  COME TO REALIZE THAT SOME OF THESE ISSUES WILL ONLY BE

25  ADDRESSED IF YOU FIND ONE WAY OR OTHER ANOTHER ON A

1   PRECEDING ISSUE.  IN ANY EVENT, LISTEN VERY CAREFULLY TO

2   MY INSTRUCTIONS, AS THEY WILL GIVE YOU A ROAD MAP FOR YOUR

3   DELIBERATIONS.  I WILL NOW DISCUSS THE ISSUES ONE AT A

4   TIME AND EXPLAIN TO YOU THE LAW WHICH YOU MUST FOLLOW AS

5   YOU DELIBERATE ON YOUR VERDICT.

6       THE FIRST ISSUE READS:  DID CONOCO DISCHARGE GASOLINE

7   INTO THE GROUNDWATER AT THE CASTLE HAYNE STATION WHICH

8   CONTAMINATED THE CARROL C WELL AND THEREBY PROXIMATELY

9   CAUSE DAMAGES TO THE PLAINTIFFS?

10      ON THIS ISSUE, THE BURDEN OF PROOF IS ON THE

11  PLAINTIFFS.  THIS MEANS THAT THE PLAINTIFFS MUST PROVE TO

12  YOU, BY A PREPONDERANCE OF THE EVIDENCE, THAT CONOCO

13  DISCHARGED GASOLINE INTO THE GROUNDWATER AT THE CASTLE

14  HAYNE STATION AND THAT THIS GASOLINE CONTAMINATED THE

15  CARROL C WELL AND WAS A PROXIMATE CAUSE OF DAMAGES TO THE

16  PLAINTIFF.

17      "DISCHARGE" MEANS ANY EMISSION, SPILLAGE, LEAKAGE,

18  PUMPING, POURING, EMPTYING, OR DUMPING OF OIL OR HAZARDOUS

19  SUBSTANCE IN THE GROUNDWATER THAT AFFECT LANDS OR WATERS

20  OR USES RELATED THERETO IN AMOUNTS WHICH WOULD VIOLATE

21  APPLICABLE WATER QUALITY STANDARDS.  THE TERM SHALL

22  INCLUDE ANY DISCHARGE UPON LAND, WHETHER OR NOT IN

23  PROXIMITY TO WATERS, WHICH IS INTENTIONAL, KNOWING, OR

24  WILLFUL.

25      "OIL" MEANS ANY KIND OF OIL OR IN ANY FORM,

1  INCLUDING, BUT NOT SPECIFICALLY LIMITED TO PETROLEUM,

2  CRUDE OIL, DIESEL OIL, FUEL OIL, GASOLINE, LUBRICATION

3  OIL, OIL REFUSE, OIL MIXED WITH OTHER WASTE, OIL SLUDGE,

4  PETROLEUM RELATED PRODUCTS OR BYPRODUCTS, AND ALL OTHER

5  LIQUID HYDROCARBONS, WHETHER SINGLY OR IN COMBINATION WITH

6  OTHER SUBSTANCES.

7      A PROXIMATE CAUSE IS A CAUSE WHICH, IN A NATURAL AND

8  CONTINUOUS SEQUENCE, PRODUCES A PERSON'S INJURY AND IS A

9  CAUSE WHICH A REASONABLE AND PRUDENT PERSON COULD HAVE

10  FORESEEN WOULD PROBABLY PRODUCE SUCH INJURY OR SOME

11  SIMILAR INJURIOUS RESULT.  THERE MAY BE MORE THAN ONE

12  PROXIMATE CAUSE OF AN INJURY; THEREFORE, THE PLAINTIFFS

13  NEED NOT PROVE THAT THE DEFENDANTS' ACTIONS WERE THE SOLE

14  PROXIMATE CAUSE OF THE INJURY.  THE PLAINTIFFS MUST PROVE,

15  BY A PREPONDERANCE OF THE EVIDENCE, ONLY THAT THE

16  DEFENDANTS' ACTIONS WERE A PROXIMATE CAUSE.

17      IF YOU FIND THAT PLAINTIFFS HAVE PROVED TO YOU, BY A

18  PREPONDERANCE OF THE EVIDENCE, THAT CONOCO DISCHARGED

19  GASOLINE INTO THE GROUNDWATER AT THE CASTLE HAYNE STATION

20  AND THAT THIS GASOLINE CONTAMINATED THE CARROL C WELL, AND

21  THEREBY PROXIMATELY CAUSED DAMAGES TO THE PLAINTIFFS, YOU

22  WILL ANSWER THIS PART OF ISSUE ONE YES, IN FAVOR OF THE

23  PLAINTIFFS, AND CONTINUE TO THE SECOND PART OF ISSUE ONE.

24  IF YOU FAIL TO SO FIND, YOU WILL ANSWER ISSUE ONE NO, IN

25  FAVOR OF CONOCO, AND CONTINUE TO CONSIDER ISSUE TWO.

1    THE SECOND PART OF ISSUE ONE READS:  DID CONOCO

2  ENGAGE IN WILLFUL OR WANTON CONDUCT?  ON THIS PART OF

3  ISSUE ONE, THE BURDEN OF PROOF IS ON THE PLAINTIFFS.  AN

4  ACT IS WILLFUL IF THE DEFENDANT INTENTIONALLY FAILS TO

5  CARRY OUT SOME DUTY IMPOSED BY LAW OR CONTRACT WHICH IS

6  NECESSARY TO PROTECT THE SAFETY OF THE PERSON OR PROPERTY

7  TO WHICH IT IS OWED.  AN ACT IS WANTON IF THE DEFENDANT

8  ACTS IN CONSCIOUS OR RECKLESS DISREGARD FOR THE RIGHTS AND

9  SAFETY OF OTHERS.

10    SO, AS TO THIS PART OF ISSUE ONE ON WHICH PLAINTIFFS

11  HAVE THE BURDEN OF PROOF, IF YOU FIND BY A PREPONDERANCE

12  OF THE EVIDENCE THAT CONOCO'S CONDUCT WAS ACCOMPANIED BY

13  WILLFUL AND WANTON CONDUCT, THEN IT WOULD BE YOUR DUTY TO

14  ANSWER THIS PART OF ISSUE ONE YES, IN FAVOR OF THE

15  PLAINTIFFS.  IF YOU FAIL TO SO FIND, IT WILL BE YOUR DUTY

16  TO ANSWER THIS PART OF ISSUE ONE NO, IN FAVOR OF CONOCO.

17    THE SECOND ISSUE READS:  DID CONOCO DISCHARGE

18  GASOLINE INTO THE GROUNDWATER AT THE CASTLE HAYNE STATION

19  WHICH CONTAMINATED THE WINDSAIL WELL AND THEREBY

20  PROXIMATELY CAUSE DAMAGES TO THE PLAINTIFFS?  ON THIS

21  ISSUE, THE BURDEN OF PROOF IS ON THE PLAINTIFFS.  THIS

22  MEANS THE PLAINTIFFS MUST PROVE TO YOU, BY A PREPONDERANCE

23  OF THE EVIDENCE, THAT CONOCO DISCHARGED GASOLINE INTO THE

24  GROUNDWATER AT THE CASTLE HAYNE STATION AND THAT THIS

25  GASOLINE CONTAMINATED THE WINDSAIL WELL AND WAS A

1   PROXIMATE CAUSE OF DAMAGES TO THE PLAINTIFFS.

2       I HAVE ALREADY DEFINED THE TERMS PROXIMATE CAUSE AND

3   DISCHARGE FOR YOU.

4       MEMBERS OF THE JURY, IF YOU FIND THAT PLAINTIFFS HAVE

5   PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT CONOCO

6   DISCHARGED GASOLINE INTO THE GROUNDWATER OF THE CASTLE

7   HAYNE STATION AND THAT THIS GASOLINE CONTAMINATED THE

8   WINDSAIL WELL AND THEREBY PROXIMATELY CAUSED DAMAGES TO

9   THE PLAINTIFFS, YOU WILL ANSWER THIS PART OF ISSUE TWO

10  YES, IN FAVOR OF THE PLAINTIFFS, AND CONTINUE TO THE

11  SECOND PART OF ISSUE TWO.  IF YOU FAIL TO SO FIND, YOU

12  WILL ANSWER THIS PART OF ISSUE TWO NO, IN FAVOR OF CONOCO,

13  AND CONTINUE TO CONSIDER ISSUE THREE.

14      THE SECOND PART OF ISSUE TWO READS:  DID CONOCO

15  ENGAGE IN WILLFUL OR WANTON CONDUCT?  ON THIS PART OF

16  ISSUE TWO, THE BURDEN OF PROOF IS ON THE PLAINTIFFS.  I

17  HAVE ALREADY DEFINED WILLFUL AND WANTON CONDUCT FOR YOU.

18      MEMBERS OF THE JURY, AS TO THE SECOND PART OF ISSUE

19  TWO, ON WHICH PLAINTIFFS HAVE THE BURDEN OF PROOF, IF YOU

20  FIND BY A PREPONDERANCE OF THE EVIDENCE THAT CONOCO'S

21  CONDUCT WAS ACCOMPANIED BY WILLFUL AND WANTON CONDUCT,

22  THEN IT WOULD BE YOUR DUTY TO ANSWER THIS PART OF ISSUE

23  TWO YES, IN FAVOR OF THE PLAINTIFFS.  IF YOU FAIL TO SO

24  FIND, THEN IT WOULD BE YOUR DUTY TO ANSWER THIS PART OF

25  ISSUE TWO NO, IN FAVOR OF CONOCO.

THE THIRD ISSUE READS: WERE PLAINTIFFS INJURED OR DAMAGED BY THE NEGLIGENCE OF CONOCO? ON THIS ISSUE, THE BURDEN OF PROOF IS ON THE PLAINTIFFS. THIS MEANS THAT THE PLAINTIFFS MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THAT CONOCO WAS NEGLIGENT AND THAT THE PLAINTIFFS SUFFERED INJURY OR DAMAGES AS A PROXIMATE RESULT OF CONOCO'S NEGLIGENCE.

"NEGLIGENCE" REFERS TO A PARTY'S FAILURE TO FOLLOW A DUTY OR CONDUCT IMPOSED BY LAW. EVERY PERSON OR ENTITY IS UNDER A DUTY TO USE ORDINARY CARE TO PROTECT HIMSELF AND OTHERS FROM INJURY AND DAMAGE. "ORDINARY CARE" MEANS THAT DEGREE OF CARE WHICH A REASONABLE AND PRUDENT PERSON WOULD USE UNDER THE SAME CIRCUMSTANCES TO PROTECT HIMSELF AND OTHERS FROM INJURY AND DAMAGE. THE FAILURE TO USE ORDINARY CARE IS NEGLIGENCE.

EVERY PERSON IS ALSO UNDER A DUTY TO FOLLOW STANDARDS OF CONDUCT ENACTED AS LAWS FOR THE SAFETY OF THE PUBLIC. THE PARTIES HAVE STIPULATED, IN PARAGRAPHS 167 THROUGH 170 OF SECTION I, F OF THE PRETRIAL ORDER THAT CERTAIN STANDARDS OF CONDUCT WERE APPLICABLE DURING THE TIME IN QUESTION. A STANDARD OF CONDUCT ESTABLISHED BY A SAFETY STATUTE MUST BE FOLLOWED. THE FAILURE TO DO SO IS NEGLIGENCE IN AND OF ITSELF. NEGLIGENCE IS NOT TO BE PRESUMED FROM THE MERE EXISTENCE OF INJURY OR DAMAGE.

SO, MEMBERS OF THE JURY, AS TO ISSUE THREE ON WHICH

1  THE PLAINTIFFS HAVE THE BURDEN OF PROOF, IF YOU FIND, BY A

2  PREPONDERANCE OF THE EVIDENCE, THAT THE DEFENDANTS WERE

3  NEGLIGENT AND FAILED TO USE ORDINARY CARE OR FAILED TO

4  FOLLOW SAFETY STANDARDS IN THE OPERATION OF THE CASTLE

5  HAYNE STATION AND THAT THIS FAILURE TO USE ORDINARY CARE

6  OR TO FOLLOW SAFETY STANDARDS WAS A PROXIMATE CAUSE OF

7  PLAINTIFFS' INJURY OR DAMAGES, THEN IT WOULD BE YOUR DUTY

8  TO ANSWER THIS PART OF ISSUE 3 YES, IN FAVOR OF THE

9  PLAINTIFFS AND TO CONTINUE TO CONSIDER THE SECOND PART OF

10  ISSUE THREE.  IF, ON THE OTHER HAND, YOU FAIL TO SO FIND,

11  THEN YOU MUST ANSWER THIS PART OF ISSUE THREE NO, IN FAVOR

12  OF CONOCO.

13      THE SECOND PART OF ISSUE THREE READS:  WAS CONOCO'S

14  NEGLIGENCE ACCOMPANIED BY WILLFUL OR WANTON CONDUCT?  AS

15  TO THE SECOND PART OF ISSUE THREE, THE BURDEN OF PROOF IS

16  ON THE PLAINTIFFS.  I REMIND YOU THAT I PREVIOUSLY DEFINED

17  WILLFUL OR WANTON CONDUCT FOR YOU.

18      MEMBERS OF THE JURY, AS TO THE SECOND PART OF ISSUE

19  THREE ON WHICH PLAINTIFFS HAVE THE BURDEN OF PROOF, IF YOU

20  FIND BY A PREPONDERANCE OF THE EVIDENCE THAT CONOCO'S

21  NEGLIGENCE WAS ACCOMPANIED BY WILLFUL OR WANTON CONDUCT,

22  THEN IT WOULD BE YOUR DUTY TO ANSWER THIS PART OF ISSUE

23  THREE YES, IN FAVOR OF THE PLAINTIFFS.  IF YOU FAIL TO SO

24  FIND, THEN IT WOULD BE YOUR DUTY TO ANSWER THIS PART OF

25  ISSUE THREE NO, IN FAVOR OF CONOCO.

THE FOURTH ISSUE READS: WERE THE PLAINTIFFS DAMAGED BY THE FRAUD OF CONOCO? ON THIS ISSUE, THE BURDEN OF PROOF IS ON THE PLAINTIFFS. THIS MEANS THAT THE PLAINTIFFS MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THE FOLLOWING FIVE THINGS:

FIRST, THAT THE DEFENDANT MADE A FALSE REPRESENTATION OF OR CONCEALED A MATERIAL FACT. A STATEMENT OF OPINION, BELIEF, RECOMMENDATION, FUTURE PROSPECT OR A PROMISE ORDINARILY IS NOT A REPRESENTATION OF FACT. HOWEVER, A PROMISE CAN BE A FALSE REPRESENTATION OF FACT IF, AT THE TIME IT IS MADE, THE PERSON MAKING THE PROMISE HAS NO INTENTION OF CARRYING IT OUT.

A "CONCEALMENT" OCCURS WHEN A PERSON FAILS TO DISCLOSE THAT WHICH, UNDER THE CIRCUMSTANCES, SHOULD BE DISCLOSED. A PERSON HAS A DUTY TO DISCLOSE ALL FACTS MATERIAL TO A TRANSACTION OR EVENT WHERE HE HAS MADE A PARTIAL OR INCOMPLETE REPRESENTATION, HE IS SPECIFICALLY QUESTIONED ABOUT THEM OR IN ANY OTHER SITUATION WHERE A DUTY TO DISCLOSE IS IMPOSED BY LAW.

SECOND, THAT THE FALSE REPRESENTATION OR CONCEALMENT WAS REASONABLY CALCULATED TO DECEIVE. A REPRESENTATION IS CALCULATED TO DECEIVE WHEN THE PERSON WHO MAKES IT KNOWS IT TO BE FALSE, OR MAKES IT RECKLESSLY, WITHOUT ANY KNOWLEDGE OF ITS TRUTH OR FALSITY, AS A POSITIVE ASSERTION. A CONCEALMENT IS CALCULATED TO DECEIVE WHEN

1 THE PERSON WHO MAKES IT KNOWS THERE'S A DUTY TO DISCLOSE

2 OR IS RECKLESSLY INDIFFERENT TO A DUTY TO DISCLOSE.

3 THIRD, THAT THE FALSE REPRESENTATION WAS MADE OR

4 CONCEALMENT WAS DONE WITH THE INTENT TO DECEIVE.

5 FOURTH, THAT THE PLAINTIFFS WERE, IN FACT, DECEIVED

6 BY THE FALSE REPRESENTATION OR CONCEALMENT AND THAT THE

7 PLAINTIFFS' RELIANCE WAS REASONABLE. THE PLAINTIFFS'

8 RELIANCE WOULD BE REASONABLE IF, UNDER THE SAME OR SIMILAR

9 CIRCUMSTANCES, A REASONABLE PERSON, IN THE EXERCISE OF

10 ORDINARY CARE FOR HIS OWN WELFARE, WOULD HAVE RELIED ON

11 THE FALSE REPRESENTATION OR WOULD NOT HAVE DISCOVERED THE

12 CONCEALMENT.

13 FIFTH, THAT THE PLAINTIFFS SUFFERED DAMAGE AS A

14 RESULT OF THEIR RELIANCE ON THE DEFENDANTS' FALSE

15 REPRESENTATION OR CONCEALMENT.

16 SO, MEMBERS OF THE JURY, AS TO THIS ISSUE FOUR, ON

17 WHICH PLAINTIFFS HAVE THE BURDEN OF PROOF, IF YOU FIND

18 THAT THE PLAINTIFFS HAVE PROVED EACH OF THE FIVE THINGS

19 LISTED ABOVE BY A PREPONDERANCE OF THE EVIDENCE, THEN IT

20 WOULD BE YOUR DUTY TO ANSWER THIS ISSUE YES, IN FAVOR OF

21 THE PLAINTIFFS. IF YOU FAIL TO SO FIND, THEN IT WOULD BE

22 YOUR DUTY TO ANSWER THIS ISSUE NO, IN FAVOR OF CONOCO.

23 THE FIFTH ISSUE READS: WAT AMOUNT, IF ANY, ARE THE

24 PLAINTIFFS ENTITLED TO RECOVER FROM CONOCO FOR FUTURE

25 MEDICAL MONITORING? YOU WILL REACH THIS ISSUE ONLY IF YOU

1 HAVE ANSWERED YES, IN FAVOR OF THE PLAINTIFFS, TO AT LEAST

2 ONE OF THE OTHER ISSUES.

3 THE BURDEN OF PROOF IS ON THIS ISSUE IS ON THE

4 PLAINTIFFS. THIS MEANS THAT THE PLAINTIFFS MUST PROVE TO

5 YOU, BY A PREPONDERANCE OF THE EVIDENCE, THE AMOUNT OF

6 DAMAGES TO BE AWARDED FOR ANY FUTURE MEDICAL MONITORING

7 PROXIMATELY CAUSED BY THE WRONGFUL CONDUCT OF CONOCO.

8 MEDICAL MONITORING EXPENSES INCLUDE ALL MEDICAL

9 TESTS, DOCTOR, HOSPITAL AND PHARMACY BILLS THAT THE

10 PLAINTIFFS WILL REASONABLY PAY OR INCUR IN THE FUTURE AS A

11 PROXIMATE RESULT OF THEIR INJURIES.

12 ANY AMOUNT YOU ALLOW AS FUTURE DAMAGES FOR MEDICAL

13 MONITORING EXPENSES MUST BE REDUCED TO ITS PRESENT VALUE,

14 BECAUSE A SMALLER SUM RECEIVED NOW IS EQUAL TO A LARGER

15 SUM RECEIVED IN THE FUTURE.

16 OF COURSE, THE FACT THAT I HAVE GIVEN YOU

17 INSTRUCTIONS CONCERNING THE ISSUE OF PLAINTIFFS' DAMAGES

18 SHOULD NOT BE INTERPRETED IN ANY WAY AS AN INTENTION -- AS

19 AN INDICATION THAT I BELIEVE THAT PLAINTIFFS SHOULD, OR

20 SHOULD NOT, PREVAIL IN THIS CASE.

21 MEMBERS OF THE JURY I'LL DELIVER THE REST OF THOSE

22 INSTRUCTIONS TO YOU AFTER THE LAWYERS HAVE ARGUED THEIR

23 CASE SO YOU MAY JUST FOLD THESE UP AN LAY THEM A SIDE NOW.

24 IT SO HAPPENS IT WORKS OUT IT'S TIME FOR OUR FIRST MORNING

25 EASES. WE'LL TAKE THAT BEFORE WE GET INTO THE ARGUMENTS

1　MORNING RECESS. WE'LL TAKE THAT BEFORE WE GET INTO THE

2　ARGUMENTS BY THE LAWYERS. YOU MAY LEAVE EVERYTHING IN

3　YOUR SEATS. EVERYONE ELSE REMAIN SEATED AS THE JURY

4　LEAVES THE COURTROOM.

5　　(RECESS TAKEN.)

6　　(JURORS ABSENT FROM THE COURTROOM.)

7　　　THE COURT: IT WOULD APPEAR THAT WE CAN SAFELY

8　ALLOT AN HOUR-AND-A-HALF TO EACH SIDE FOR FINAL ARGUMENT,

9　SO I'LL DO THAT. THAT OUGHT TO WORK OUT PRETTY WELL AS

10　FAR AS THE RECESSES ARE CONCERNED, AS WELL.

11　　I REMIND PLAINTIFFS THAT YOUR REBUTTAL ARGUMENT IS

12　FOR THAT PURPOSE. AND I'M GOING TO GIVE THE JURORS, WHEN

13　THEY COME BACK IN, BEFORE YOU START YOUR ARGUMENTS, A COPY

14　OF THE ISSUE SHEET SO THEY'LL HAVE IT IN FRONT OF THEM IN

15　CASE THEY WANT TO REFER TO IT DURING THE ARGUMENT.

16　　ALL RIGHT. BRING THE JURY IN.

17　　(JURORS ENTER INTO THE COURTROOM.)

18　　　THE COURT: MEMBERS OF THE JURY, SCOTT HANDED

19　YOU A COPY OF THE VERDICT FORM WHICH LISTS THE ISSUES THAT

20　I REFERRED TO IN MY INSTRUCTIONS TO YOU. EACH OF YOU WILL

21　HAVE A WORKING COPY THERE THAT YOU CAN KEEP FOR YOUR OWN

22　USE. I'LL GIVE YOU, IN MY FINAL INSTRUCTIONS, AN OFFICIAL

23　COPY -- AN ORIGINAL COPY -- ON WHICH YOUR VERDICT WILL BE

24　RECORDED. SO, YOU CAN VIEW THAT DURING THE ARGUMENTS BY

25　THE LAWYERS; THEY MAY REFER TO THEM.

1   RESPONSIBILITY SHIFTS TO YOU.  AND THE RESPONSIBILITY THAT

2   YOU HAVE IS TO LOOK AT THE EVIDENCE AND TELL THIS COMPANY

3   WE WILL NOT TOLERATE THIS KIND OF CONDUCT; YOU MAY NOT

4   WANT TO, BUT YOU WILL PROTECT YOUR NEIGHBORS IN THE

5   COMMUNITY WHERE YOU DO BUSINESS.

6           I THINK IT GOES WITHOUT SAYING, I WANT YOU TO KNOW ON

7   BEHALF OF ALL OF MY CLIENTS, WE APPRECIATE THE MONTH THAT

8   YOU HAVE TAKEN AWAY FROM YOUR LIFE TO HEAR ALL OF THIS.

9   AND I FEEL CONFIDENT THAT WHEN YOU LOOK AT ALL OF THE

10  EVIDENCE, THAT YOU WILL DO THE ONLY THING THAT CAN BE

11  DONE; AND THAT IS, TO COME IN AND TELL CONOCO IT'S TIME

12  FOR YOU TO DO WHAT YOU KNOW IS RIGHT, TO SAY WE'RE THE

13  SOURCE, AND YOU ARE GOING TO MAKE SURE THAT IF THESE

14  PEOPLE DEVELOP A LIFE-THREATENING CONDITION SUCH AS

15  CANCER, WE'RE GOING TO CATCH IT SOON AS WE CAN.  THANK

16  YOU.

17           THE COURT:  MEMBERS OF THE JURY, YOU MAY PICK UP

18  YOUR JURY INSTRUCTION SHEET AGAIN THAT I HAVE GIVEN YOU

19  EARLIER.  TURN TO PAGE 23.  I DON'T HAVE THAT MUCH MORE TO

20  SAY TO YOU.

21       YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT

22  OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS

23  NECESSARY THAT EACH JUROR AGREE THERETO.  IN OTHER WORDS,

24  YOUR VERDICT MUST BE UNANIMOUS.

25       IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER

1   AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF

2   YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT.

3   EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY

4   AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN

5   THE CASE WITH YOUR FELLOW JURORS.

6      IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE

7   TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF

8   CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR

9   HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE

10   EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW

11   JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

12      REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS; YOU ARE

13   JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO

14   SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

15      COUNSEL, APPROACH THE BENCH.

16      (THE FOLLOWING BENCH CONFERENCE WAS HELD.)

17        THE COURT:  AT THIS TIME, OUT OF THE HEARING OF

18   THE JURY, AND AT YOUR REQUEST OUT OF THEIR PRESENCE, YOU

19   MAY REQUEST ADDITIONAL INSTRUCTIONS OR OBJECT TO ANY

20   INSTRUCTIONS.

21        MR. COOPER:  AT THIS TIME, THE PLAINTIFF HAS NO

22   OBJECTION TO THE CHARGE OR REQUESTS FOR ADDITIONAL

23   INSTRUCTIONS.

24        MR. MCGRATH:  DEFENSE DOESN'T HAVE ANY OBJECTION

25   OR ASK FOR ADDITIONAL INSTRUCTIONS.

1    (END OF BENCH CONFERENCE.)

2         THE COURT:  WHEN YOU GO BACK TO YOUR JURY ROOM,

3    MEMBERS OF THE JURY, THE FIRST THING YOU NEED TO DO IS

4    SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  IT WILL BE

5    THE DUTY OF THAT PERSON TO PRESIDE OVER YOUR DELIBERATIONS

6    AND TO ACT AS YOUR SPOKESPERSON WHEN YOU RETURN TO COURT.

7         DURING YOUR DELIBERATIONS, IF YOU DESIRE TO

8    COMMUNICATE WITH ME IN ANY WAY, REDUCE YOUR MESSAGE TO

9    WRITING AND KNOCK ON YOUR DOOR AND THE SECURITY GUARD WILL

10   RESPOND.  YOU GIVE HIM THE WRITTEN MESSAGE, AND HE'LL

11   BRING IT TO ME.  AND AFTER CONSIDERING IT AND CONSULTING

12   WITH COUNSEL, I WILL RESPOND TO YOU EITHER IN WRITING OR

13   BY HAVING YOU BROUGHT BACK INTO THE COURTROOM WHERE I CAN

14   TALK TO YOU.

15        I CAUTION YOU THAT IN ANY COMMUNICATION YOU HAVE WITH

16   ME, YOU MUST NEVER DIVULGE TO ME YOUR NUMERICAL DIVISION,

17   IF ANY.

18        DURING YOUR DELIBERATIONS, YOU WILL BE ALLOWED TO

19   HAVE ALL OF THE EXHIBITS THAT HAVE BEEN RECEIVED INTO THE

20   RECORD AND KATIE WILL HAND YOU NOW -- OR SCOTT WILL -- THE

21   STIPULATIONS THAT I REFERRED TO IN THE JURY INSTRUCTIONS.

22   SINCE THAT REALLY IS A PART OF THE INSTRUCTIONS, I HAVE A

23   COPY FOR EACH OF YOU, BUT ALL OF THE OTHER EXHIBITS THAT

24   HAVE BEEN RECEIVED INTO THIS RECORD WILL BE PROVIDED FOR

25   YOU BACK IN THE JURY ROOM.

1    ALSO, DURING YOUR DELIBERATIONS, UNLIKE OUR SCHEDULE

2    UP TO NOW, YOU CAN SET YOUR SCHEDULE.  I OVERHEARD SOME OF

3    YOU BACK THERE SAID YOU HADN'T HAD TIME TO FINISH EATING.

4    I WANTED TO TELL YOU YOU WERE ONLY GOING TO BE BACK IN

5    HERE A FEW MINUTES AND YOU COULD FINISH WHEN YOU GET BACK.

6    YOU CAN SET WHATEVER SCHEDULE YOU WANT, PARTICULARLY WITH

7    REGARD TO DELIBERATING THIS AFTERNOON.  IF IT'S YOUR

8    DESIRE TO QUIT AT 2, LIKE WE HAVE BEEN QUITTING, GO HOME,

9    COME BACK TOMORROW AT 8 O'CLOCK, THAT'S FINE; IF YOU WANT

10   TO CONTINUE DELIBERATING PAST 2 O'CLOCK THIS AFTERNOON,

11   THAT'S FINE.  I WILL BE HERE IN ANY EVENT; I HAVE OTHER

12   MATTERS TO TAKE UP.  BEFORE 2 O'CLOCK, IF YOU WILL SEND ME

13   A NOTE AND LET ME KNOW WHAT YOUR DECISION IS AS TO YOUR

14   SCHEDULE.

15   DURING YOUR DELIBERATIONS, I AUTHORIZE YOUR

16   FOREPERSON TO TAKE PERIODIC RECESSES, TO ALLOW THE SMOKERS

17   TO GO OUT FOR A SMOKE, OR FOR WHATEVER OTHER PURPOSE YOU

18   WANT TO TAKE A RECESS.  I CAUTION YOU, HOWEVER, THAT

19   DURING A RECESS, DURING ANY PERIOD OF TIME THAT ANY MEMBER

20   OF THE JURY IS OUT OF THE JURY ROOM, THERE MUST BE NO

21   DELIBERATIONS GOING ON.  IN OTHER WORDS, IT IS ABSOLUTELY

22   NECESSARY THAT ALL 12 OF YOU BE IN THE JURY ROOM DURING

23   YOUR DELIBERATIONS.

24   I'M GOING TO GO OVER THE VERDICT FORM WITH YOU AGAIN.

25   IF YOU WILL PICK UP THE FORM, I'M GOING TO TALK TO YOU

1  ABOUT THE PROCEDURE, ABOUT THE FORM, BECAUSE YOU HAVE MY

2  WRITTEN INSTRUCTIONS AS TO WHAT YOU ARE TO DO.  I HAVE

3  ALSO THE ORIGINAL THAT'S MARKED ACROSS THE TOP "ORIGINAL."

4  IT'S CLIPPED TOGETHER WITH THE PAPER CLIP -- BY A PAPER

5  CLIP TO AN ENVELOPE THAT HAS ON THE OUTSIDE, "VERDICT."

6       AS YOU DELIBERATE AND ARRIVE AT YOUR DECISION ON THE

7  RESPECTIVE ISSUES, YOUR FOREPERSON WILL ENTER YOUR

8  DECISION ON THIS, THE ORIGINAL FORM.  AFTER YOU COMPLETED

9  ALL OF YOUR DELIBERATIONS, AS REQUIRED UNDER THE

10 INSTRUCTIONS, THE FOREPERSON WILL THEN SIGN AND DATE IT ON

11 THE SECOND PAGE, FOLD IT UP, PUT IT BACK INTO THIS

12 ENVELOPE AND YOU WILL BRING THAT BACK INTO THE COURTROOM

13 AS YOUR VERDICT.

14      ISSUE ONE READS:  DID CONOCO DISCHARGE GASOLINE INTO

15 THE GROUNDWATER AT THE CASTLE HAYNE STATION WHICH

16 CONTAMINATED THE CARROL C WELL AND THEREBY PROXIMATELY

17 CAUSE DAMAGES TO THE PLAINTIFFS?

18      YOU WILL ANSWER THAT QUESTION EITHER YES OR NO.

19      IF YOUR ANSWER IS NO, YOU WILL NOT BE REQUIRED TO

20 MOVE ON TO THE SECOND PART OF THAT FIRST QUESTION, BUT

21 WOULD WOULD GO ON TO QUESTION TWO.  IF YOU ANSWER YES, YOU

22 WILL THEN ANSWER THE QUESTION:  IF SO, DID CONOCO ENGAGE

23 IN WILLFUL OR WANTON CONDUCT?  AND YOU WILL ANSWER THAT

24 QUESTION EITHER YES OR NO.

25      THE SECOND QUESTION IS EXACTLY THE SAME BECAUSE, AS

1   COUNSEL POINTED OUT TO YOU IN ARGUMENT, THE FIRST ISSUE

2   DEALS WITH THE CARROL C WELL; THE SECOND WITH THE WINDSAIL

3   WELL.  AND YOU WILL ANSWER THOSE QUESTIONS ACCORDINGLY.

4       ISSUE THREE:  WERE THE PLAINTIFFS INJURED OR DAMAGED

5   BY THE NEGLIGENCE OF CONOCO?

6       YOU WILL ANSWER THAT ISSUE EITHER YES OR NO, AS YOU

7   DETERMINE UNDER MY INSTRUCTIONS.

8       AGAIN, IF YOU ANSWER IT NO, YOU NEED NOT ANSWER THE

9   SECOND PART OF THE THIRD ISSUE, BUT WOULD MOVE ON TO

10  NUMBER FOUR.  IF YOU ANSWERED IT YES, YOU WOULD ANSWER THE

11  SECOND PART BY ENTERING THERE EITHER YES OR NO TO THE

12  QUESTION:  IF SO, WAS CONOCO'S NEGLIGENCE ACCOMPANIED BY

13  WILLFUL OR WANTON CONDUCT?

14      ISSUE FOUR:  WERE THE PLAINTIFFS DAMAGED BY THE FRAUD

15  OF CONOCO?  YOU WILL ANSWER THAT EITHER YES OR NO.

16      AND IF YOU HAVE ANSWERED ANY OF THE FIRST FOUR ISSUES

17  YES, YOU WILL THEN MOVE ON TO ANSWER THE FIFTH ISSUE,

18  WHICH READS:  WHAT AMOUNT, IF ANY, ARE PLAINTIFFS ENTITLED

19  TO RECOVER FROM CONOCO FOR FUTURE MEDICAL MONITORING?

20      AND YOU WILL ANSWER THAT, IF YOU REACH IT AT ALL, IN

21  SUCH AMOUNT AS YOU FEEL THE EVIDENCE SHOWS PLAINTIFFS ARE

22  ENTITLED TO RECOVER BY A PREPONDERANCE OF THE EVIDENCE, AS

23  I HAVE INSTRUCTED.

24      BUT AS I'VE INDICATED, IF YOU DO NOT ANSWER ONE OF

25  THE FIRST FOUR ISSUES YES, YOU WOULD NOT CONSIDER THAT

1    ISSUE AT ALL.

2        AFTER YOU HAVE COMPLETED CONSIDERATION OF ALL OF

3    THOSE ISSUES, SUCH AS ARE NECESSARY TO COMPLETE YOUR

4    DETERMINATION IN ACCORDANCE WITH MY INSTRUCTIONS, YOUR

5    FOREPERSON WILL SIGN AND DATE THE FORM AND YOU WILL BRING

6    THAT BACK TO THE COURTROOM.

7        MEMBERS OF THE JURY, YOU MAY RETIRE AND BEGIN YOUR

8    DELIBERATIONS.

9        (JURY OUT AT 12:40 P.M.)

10            THE COURT:  COUNSEL, DURING THE TIME THAT THE

11   JURY IS DELIBERATING, OF COURSE, WE'LL BE IN INFORMAL

12   RECESS -- PART OF THAT TIME.

13       BEGINNING AT 2:30, I HAVE ANOTHER SESSION OF COURT,

14   OTHER MATTERS THAT I MUST TAKE UP.  SO, WHEN YOU CLEAN

15   YOUR TABLES, CLEAN THEM WITH THE THOUGHT IN MIND THAT

16   THERE WILL BE OTHER ATTORNEYS THERE USING THOSE TABLES

17   BEFORE YOU GET BACK, PROBABLY.

18       THERE ARE TWO EXHIBITS 506, 508 -- DEFENDANT'S

19   EXHIBITS -- THAT HAVE DUPLICATE NUMBERS.

20            MR. MCGRATH:  EXHIBIT 506 HAS THREE SEPARATE

21   CHARTS.  DURING THE TESTIMONY, I THINK THEY WERE REFERRED

22   TO AS A, B, C.

23            THE COURT:  DO YOU KNOW WHICH IS A, B, AND C?

24            MR. MCGRATH:  YES, I DO.

25            THE COURT:  WHY DON'T YOU COME UP AND STRAIGHTEN

```
1
2                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NORTH CAROLINA
3                         SOUTHERN DIVISION

4

5    HURSHEL L. ASHCRAFT, ET AL,      )
                  PLAINTIFFS,         )
6                                     )
              V.                      )      7:95-CV-187-BR
7                                     )
     CONOCO, INC., KAYO OIL CO.,      )
8    AND TRIANGLE FACILITIES, INC.,   )
                  DEFENDANTS.         )
9    _____ )

10                   JURY TRIAL - VOLUME XVIII
                         AUGUST 26, 1997
11               BEFORE THE HONORABLE W. EARL BRITT
                       U. S. DISTRICT JUDGE
12

13
```

APPEARANCES:

FOR THE PLAINTIFFS:

```
MR. GEORGE ROUNTREE          MS. CHARLA ALDOUS
MR. J. HAROLD SEAGLE         MR. R. BRENT COOPER
ATTORNEYS AT LAW             MR. SCOTT SUMMY
2419 MARKET STREET           ATTORNEYS AT LAW
WILMINGTON, NC               900 JACKSON ST., SUITE 100
                             DALLAS, TX
```

FOR THE DEFENDANTS:

```
MR. PETER MCGRATH            MR. DAVID FOX
MR. WILLIAM WHITE            MR. JON SASSER
ATTORNEYS AT LAW             ATTORNEYS AT LAW
100 N. TRYON ST., FLOOR 47   ONE HANOVER SQUARE, #1700
CHARLOTTE, NC                RALEIGH, NC

MR. GEORGE PHAIR
SENIOR COUNSEL, CONOCO
600 N. DAIRY ASHFORD
HOUSTON, TX
COURT REPORTER:  DONNA J. TOMAWSKI
STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION
```

1    THE COURT: MEMBERS OF THE JURY, NOW THAT YOU'VE

2  HEARD ALL THE EVIDENCE AND ARGUMENT OF COUNSEL IN THIS

3  PHASE OF THE TRIAL, IT BECOMES MY DUTY TO GIVE YOU

4  INSTRUCTIONS OF THE COURT CONCERNING THE LAW APPLICABLE TO

5  THE ISSUE OF PUNITIVE DAMAGES, WHICH IS THE ONLY ISSUE

6  BEFORE YOU AT THIS TIME.

7    I REMIND YOU OF MY EARLIER INSTRUCTIONS REGARDING

8  YOUR DUTIES AS JURORS AND INSTRUCT YOU TO BE MINDFUL OF

9  THOSE INSTRUCTIONS AS YOU DELIBERATE ON THIS ISSUE.

10    AS I STATED, THERE'S ONLY ONE ISSUE BEFORE YOU. THIS

11  ISSUE READS: WHAT AMOUNT OF PUNITIVE DAMAGES, IF ANY,

12  DOES THE JURY, IN ITS DISCRETION, AWARD TO THE PLAINTIFFS?

13    WHETHER TO AWARD PUNITIVE DAMAGES IS A MATTER WITHIN

14  THE SOUND DISCRETION OF THE JURY. PUNITIVE DAMAGES ARE

15  NOT AWARDED FOR THE PURPOSE OF COMPENSATING THE PLAINTIFFS

16  FOR THEIR INJURY OR DAMAGES, NOR ARE THEY AWARDED AS A

17  MATTER OF RIGHT.

18    IN DECIDING UPON AN AMOUNT OF PUNITIVE DAMAGES, IF

19  ANY, YOU MUST DETERMINE THAT THERE IS A NEED TO PUNISH THE

20  DEFENDANT FOR ITS CONDUCT, OR TO DETER THE DEFENDANT, OR

21  OTHERS, FROM ENGAGING IN THIS OR SIMILAR CONDUCT IN THE

22  FUTURE, OR TO MAKE AN EXAMPLE OUT OF THE DEFENDANT. ANY

23  AMOUNT YOU AWARD MUST BEAR A RATIONAL RELATIONSHIP TO THE

24  SUM REASONABLY NEEDED TO PUNISH THE DEFENDANT FOR ITS

25  CONDUCT, OR TO DETER THE DEFENDANT, OR OTHERS, FROM

1    ENGAGING IN THIS OR SIMILAR CONDUCT IN THE FUTURE, OR TO

2    MAKE AN EXAMPLE OUT OF THE DEFENDANT.

3    IN DETERMINING SUCH AN AMOUNT, YOU MAY CONSIDER SUCH

4    OF THE FOLLOWING FACTORS AS ARE SUPPORTED BY THE EVIDENCE:

5    FIRST, THE INJURY OR DAMAGES WHICH OCCURRED FROM THE

6    DEFENDANT'S CONDUCT.

7    SECOND, THE INJURY OR DAMAGES WHICH COULD HAVE

8    OCCURRED FROM THE DEFENDANT'S CONDUCT.

9    THIRD, THE DEGREE OF REPREHENSIBILITY OF THE

10   DEFENDANT'S CONDUCT.

11   FOURTH, THE DURATION OF THE DEFENDANT'S CONDUCT.

12   FIFTH, THE DEFENDANT'S AWARENESS OF THE NATURE AND

13   CHARACTER OF ITS CONDUCT.

14   SIXTH, THE DEFENDANT'S AWARENESS OF THE PROBABLE

15   CONSE UENCES OF ITS CONDUCT.

16   SEVENTH, ANY CONCEALMENT BY THE DEFENDANT OF THE

17   FACTS OR CONSEQUENCES OF THE CONDUCT.

18   EIGHTH, THE EXISTENCE AND FREQUENCY OF ANY SIMILAR

19   PAST CONDUCT OF THE DEFENDANT.

20   NINTH, WHETHER OR NOT THE DEFENDANT PROFITED BY THIS

21   CONDUCT AND, IF SO, WHETHER THAT PROFIT SHOULD BE TAKEN

22   AWAY.

23   TENTH, THE FINANCIAL STATUS OR POSITION OF THE

24   DEFENDANT.

25   ELEVENTH, WHETHER THE DEFENDANT HAS ALREADY BEEN

1    PUNISHED IN WHOLE OR IN PART BY CRIMINAL SANCTIONS.

2         AND 12TH, WHETHER THE DEFENDANT HAS ALREADY BEEN

3    PUNISHED OR LIKELY TO BE PUNISHED IN CIVIL ACTIONS

4    INVOLVING THE SAME OR SIMILAR CONDUCT.

5         YOU MAY CONSIDER SUCH OTHER FACTORS AS ARISE

6    LOGICALLY AND FAIRLY FROM THE EVIDENCE PRESENTED.

7    FINALLY, IF YOU DETERMINE, IN YOUR DISCRETION, TO AWARD AN

8    AMOUNT OF PUNITIVE DAMAGES, THEN CONSIDERING THOSE FACTORS

9    WHICH ARE SUPPORTED BY THE EVIDENCE, YOU MAY AWARD TO THE

10   PLAINTIFFS AN AMOUNT WHICH BEARS A RATIONAL RELATIONSHIP

11   TO THE SUM REASONABLY NEEDED TO PUNISH THE DEFENDANT OR TO

12   DETER THE DEFENDANT, OR OTHERS, FROM ENGAGING IN THIS OR

13   SIMILAR CONDUCT IN THE FUTURE, OR TO MAKE AN EXAMPLE OUT

14   OF THE DEFENDANT.

15        THAT AMOUNT SHOULD BE WRITTEN IN THE SPACE PROVIDED

16   ON THE VERDICT SHEET.  IF, ON THE OTHER HAND, YOU

17   DETERMINE, IN YOUR DISCRETION, NOT TO AWARD THE PLAINTIFFS

18   ANY AMOUNT OF PUNITIVE DAMAGES, THEN YOU SHOULD WRITE THE

19   WORD "NONE" IN THE SPACE PROVIDED ON THE JURY SHEET.

20        AND THE VERDICT FORM IS SIMILAR TO WHAT IT WAS

21   BEFORE, EXCEPT IT JUST HAS THE ONE QUESTION THERE AND A

22   SPACE FOR THE ANSWER AND A SPACE FOR THE SIGNATURE AND THE

23   DATE.  YOU WILL BE GIVEN A COPY OF THE INSTRUCTIONS I HAVE

24   JUST DELIVERED TO YOU.

25        ALL RIGHT, THE JURY IS WITH THE PLAINTIFF.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **Plaintiffs' Proposed Jury Instructions** has been served this day by depositing copies thereof with Federal Express for overnight delivery and properly addressed as follows:

> Gregory A. Wendling, Esq.
> 426 West Friendly Avenue, Suite A
> Greensboro, North Carolina 27401

This the 2nd day of February, 2000.